UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMANU MILO, | No. 2:18-cv-0003 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MICHAEL MARTEL, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF Nos. 2, 5, 6. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I. The Petition

Petitioner filed a habeas corpus petition alleging that the state court's denial of post-conviction DNA testing on the ground that he did not fulfill the requirements of California Penal Code § 1405 was an "abuse of discretion and objectively unreasonable." EFC No. 1 at 5-17.

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A person in custody

1

pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief is not available "for alleged error in the interpretation or application of state law," Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citation omitted); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (citation omitted), unless "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation," Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (citation omitted).

Petitioner claims that the state court's denial of DNA testing on the ground that he was not statutorily eligible was an abuse of discretion and objectively unreasonable because he was qualified to have his motion for DNA testing granted under California Penal Code § 1405. EFC No. 1. Plaintiff's disagreement with the state court's application of § 1405 does not state a claim for federal habeas relief, because such relief is not available for alleged errors in the application of state law. Cooke, 562 U.S. at 219.

Moreover, even if the denial of post-conviction DNA testing was sufficiently arbitrary or capricious to implicate petitioner's federal constitutional rights, he still fails to state a cognizable claim for habeas relief. Petitioner relies on the *possibility* of proving his innocence with DNA testing and his inability to present such *potentially* exculpatory evidence to a jury as grounds for habeas relief. EFC No. 1. However, "when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,'" Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)), and "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983," Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (internal citations omitted). The Supreme Court has held that "a postconviction claim for DNA testing is properly pursued in a §1983 action." Id. at 525. This is because "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive. In no event will a judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody.'" Id. (second alteration in original)

(quoting Wilkinson, 544 U.S. at 81). Accordingly, the court lacks habeas jurisdiction and petitioner's only option is to bring a claim under §1983 because success in the form of DNA testing would not necessarily imply the invalidity of his conviction and provide speedier release.

II. Conversion to a Civil Rights Claim

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. A district court may re-characterize a habeas petition "'[i]f the complaint is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). However, a prisoner civil rights suit differs from a habeas petition in a variety of respects, such as the proper defendants, type of relief available, filing fees, and restrictions on future filings. Id. (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). The exhaustion requirements for filing a prisoner civil rights complaint also differ from those required in a federal habeas action. Furthermore, the Supreme Court has noted that its decision in

> [District Attorney's Office for Third Judicial District v.] Osborne severely limits the federal action a state prisoner may bring for DNA testing. Osborne rejected the extension of substantive due process to this area, 557 U.S.[ 52, 72], 129 S. Ct.[ 2308,] 2322 [(2009)], and left slim room for the prisoner to show that the governing state law denies him procedural due process, see id., at [70-71], 129 S. Ct., at 2321.

Skinner, 562 U.S. at 525. Due to these differences and the disadvantages that re-characterization may have on petitioner's claims, this court will not re-characterize the petition as a civil rights complaint. However, petitioner is free to file a new complaint under § 1983 if he wishes to do so.[1]

III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the

---

[1] The court takes no position on whether petitioner may ultimately be able to state a claim for relief under § 1983.

3

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

IV. Plain Language Summary of this Order for a Pro Se Litigant

The petition should be dismissed because an erroneous application of state law by a state court does not support federal habeas relief. Even if the denial of your post-conviction motion for DNA testing violated your federal constitutional rights, this court does not have habeas jurisdiction because success on the petition will not necessarily result in you being released sooner. Because of all the differences between a habeas petition and a claim under § 1983 (the civil rights statute), the court will not convert your claims into a request for relief under § 1983. You are free to file a separate complaint under § 1983, but the court does not guarantee that you will be successful.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. The petitioner's application for writ of habeas corpus be dismissed for lack of habeas jurisdiction.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

////

////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE